## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-42358-BEM |
| | ) | |
| Robert Seth Pippin and | ) | |
| Nicole Suzanne Pippin, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

### POST-CONFIRMATION MODIFICATION OF PLAN AND REQUEST FOR ITS APPROVAL

Robert Seth Pippin and Nicole Suzanne Pippin, Debtors, propose to modify the confirmed Chapter 13 Plan as set forth below and request that the modification be approved.

### MODIFICATION OF PLAN

Robert Seth Pippin and Nicole Suzanne Pippin, Debtors, hereby modify the Chapter 13 plan, which the Court confirmed on February 27, 2020 as follows:

1. Debtors amend the plan in Section 2.1 to increase monthly plan payments from $1,026 to $1,140.

This 21st day of May, 2024.

/s/_____  
Dan Saeger  
SAEGER & ASSOCIATES, LLC  
706 S Thornton Ave. Ste. D  
Dalton, GA 30720  
(P) 706-529-5566  
dansaeger@gmail.com

/s/ Robert Seth Pippin  
Debtor

/s/ Nicole Suzanne Pippin  
Debtor

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Robert | Seth | Pippin |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Nicole | Suzanne | Pippin |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number    19-42358
(if known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1, 9.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.***

| | | ☐ Included | ■ Not Included |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ■ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ■ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8** | ☐ Included | ■ Not Included |

Debtor   Robert Seth Pippin and Nicole Suzanne Pippin                    Case number   19-42358

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:   ■ 36 months       ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay _____$1140.00_____ per ___month___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

| **Beginning on** *(insert date)*: | **The Regular Payment amount will change to** *(insert amount)*: | **For the following reason** *(insert reason for change)*: |
|---|---|---|
|  | _____ per ___week___ |  |

**§ 2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3   Income tax refunds.**

*Check one.*

■ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4   Additional Payments.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5   [Intentionally omitted.]**

**§ 2.6   Disbursement of funds by trustee to holders of allowed claims.**

   **(a) Disbursements before confirmation of plan.**  The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

   **(b) Disbursements after confirmation of plan.**  Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

      **(1) First disbursement after confirmation of Regular Payments.**  In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

         (A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and

orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.**  In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below.  All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.**  The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims").  The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims.  Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

## Part 3:   Treatment of Secured Claims

**§ 3.1**   **Maintenance of payments and cure of default, if any.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2**   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check all that apply.*

■ **None.**  *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3**   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

■ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Regional Acceptance | 2019 Hyundai Sonata | 7/2019 | $32,000.00 | 5.5% | $100.00 | $100 Step to $703 on 6/2020 |
| Buy Here Pay Here USA | 2010 Jeep Compass | 5/2018 | $10,000.00 | 7% | $100.00 | $100 Step to $230 on 6/2020 |
| Aaron's Rents | Furniture | 6/2019 | $1,000.00 | 5.5% | $20.00 | $20 |

**§ 3.4   Lien avoidance.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5   Surrender of collateral.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6   Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5.5__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor   Robert Seth Pippin and Nicole Suzanne Pippin                Case number  19-42358

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**§ 4.1   General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2   Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3   Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___4,000.00____.  The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d)  From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e)  500.00  __er month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2,500.00____, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2,500.00____, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4   Priority claims other than attorney's fees.**

☒ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**§ 5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6.  Holders of these claims will receive:

*Check one.*

☒ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2017), Version 1.1          Page 5 of 6

| Debtor | Robert Seth Pippin and Nicole Suzanne Pippin | Case number | 19-42358 |
|---|---|---|---|

**§ 5.3**  **Other separately classified nonpriority unsecured claims.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**§ 7.1**  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

### Part 8: Nonstandard Plan Provisions

**§ 8.1**  Check "None" or list Nonstandard Plan Provisions.

■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures

**§ 9.1**  Signatures of Debtor(s) and Attorney for Debtor(s).

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

✗ /s/ Robert Seth Pippin
Signature of debtor 1 executed on  5/21/2024
                                   MM / DD / YYYY

111 Gudger Rd, Chatsworth, GA 30705
Address                          City, State, ZIP code

✗ /s/ Nicole Suzanne Pippin
Signature of debtor 2 executed on  5/21/2024
                                   MM / DD / YYYY

111 Gudger Rd, Chatsworth, GA 30705
Address                          City, State, ZIP code

✗ /s/ Dan Saeger
Signature of attorney for debtor(s)

Saeger & Associates, LLC
Firm

Date: 5/21/2024
      MM / DD / YYYY

706 S Thornton Ave Ste D, Dalton, GA 30720
Address                          City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-42358-BEM |
| | ) | |
| Robert Seth Pippin and | ) | |
| Nicole Suzanne Pippin, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN, DEADLINE FOR FILING WRITTEN OBJECTIONS AND HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED**

**To: Creditors and Other Parties in Interest**

**PLEASE TAKE NOTICE** that Debtors have filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed modification must file that objection in writing with the Court on or before the following deadline.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Post-Confirmation Plan Modification at 9:50am on June 26, 2024 in Courtroom 342, United States Courthouse, 600 E First St., Rome, GA 30161 which may be attended in person or via the Court's Virtual Hearing Room.  You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website.  Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing.  You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise.  Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)  If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response.  Mail or deliver your response so that it is received by the Clerk before the hearing.  The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Room 339,

600 East First Street, Rome, GA 30161.  You must also mail a copy of your response to the undersigned at the address stated below.

**DEADLINE FOR FILING OBJECTIONS:**  Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed Modification was filed on **May 21, 2024**. If the twenty-fourth day after the date of filing falls on a weekend or holiday, the deadline is extended to the next business day.  If you mail an objection to the Court for filing, you must mail it early enough, so the Court will receive it on or before the date stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtors at: **Robert and Nicole Pippin, 111 Gudger Rd, Chatsworth, GA 30705.**

**Dated:**   May 21, 2024

/s/ Robert Seth Pippin
Debtor

/s/ Nicole Suzanne Pippin
Debtor

/s/ Dan Saeger
Attorney for Debtor
Georgia Bar No. 680628
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
dansaeger@gmail.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-42358-BEM |
| | ) | |
| Robert Seth Pippin and | ) | |
| Nicole Suzanne Pippin, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2024 I electronically filed the foregoing Post-Confirmation Plan Modification with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the partis or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

Robert and Nicole Pippin
111 Gudger Rd
Chatsworth, GA 30705

*All creditors on attached matrix*

This 21st day of May, 2024.

/s/_____
Dan Saeger
Attorney for Debtors
Georgia Bar No. 680628

SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
dansaeger@gmail.com

```
Label Matrix for local noticing          1st Franklin Financial Corporation       ADVENTHEALTH GORDON
113E-4                                   Attn: Administration Services            C/O KEVIN B WILSON LAW OFFICES
Case 19-42358-bem                        PO Box 880                               2810 WALKER RD STE 102
Northern District of Georgia             Toccoa, Georgia 30577-0880               CHATTANOOGA TN 37421-1666
Rome
Tue May 21 13:17:56 EDT 2024

ADVENTHEALTH MURRAY                      Aaron Rents                              (p)AUTO SIMPLE
C/O KEVIN B WILSON LAW OFFICES           1015 Cobb Place Blvd NW                  ATTN ATTENTION BANKRUPTCY DEPARTMENT
2810 WALKER RD STE 102                   Kennesaw, GA  30144-3672                 201 KEITH STREET BOX 35
CHATTANOOGA TN 37421-1666                                                         CLEVELAND TN 37311-5867


Comenity Capital/Dent                    Commonwealth Financial                   Credit Management Central
PO Box 182120                            245 Main St                              PO Box 1654
Columbus, OH 43218-2120                  Scranton, PA  18519-1641                 Green Bay, WI 54305-1654



Enhanced Recovery Company                GORDON HOSPITAL                          Sonya Buckley Gordon
PO Box 57547                             C/O KEVIN B WILSON LAW OFFICES           K. Edward Safir, Standing Chapter 13 Tru
Jacksonville, FL 32241-7547              2810 WALKER RD STE 102                   Suite 1600
                                         CHATTANOOGA TN 37421-1666                285 Peachtree Center Ave, NE
                                                                                  Atlanta, GA 30303-1229


I C System                               MURRAY MEDICAL CENTER                    NGRCA
PO Box 64378                             C/O KEVIN B WILSON LAW OFFICES           PO BOX 1949
Saint Paul, MN 55164-0378                2810 WALKER RD STE 102                   DALTON GA 30722-1949
                                         CHATTANOOGA TN 37421-1666


(p)NATIONWIDE RECOVERY SERVICE           J. Andrew Owens                          PDQ Services
ATTENTION PAULA TILLEY                   Law Office of J. Andrew Owens, LLC       700 Churchill Ct Ste 200
PO BOX 8005                              P. O. Box 627                            Woodstock, GA  30188-6841
CLEVELAND TN 37320-8005                  Rome, GA 30162-0627


(p)PERITUS PORTFOLIO SERVICES II  LLC    Pinnacle Credit Services, LLC            Nicole Suzanne Pippin
PO BOX 141419                            Resurgent Capital Services               111 Gudger Rd
IRVING TX 75014-1419                     PO Box 10587                             Chatsworth, GA 30705-6088
                                         Greenville, SC 29603-0587


Robert Seth Pippin                       Quantum3 Group LLC as agent for Comenity Cap   Regional Acceptance
111 Gudger Rd                            PO Box 788                               2300 Pleasant Hill Rd Ste B13
Chatsworth, GA 30705-6088                Kirkland, WA 98083-0788                  Duluth, GA  30096-1707



Regional Acceptance Corporation          Regional Acceptance Corporation          Dan Saeger
Bankruptcy Section/100-50-01-51          PO Box 1847                              Saeger & Associates, LLC
PO Box 1847                              Wilson, NC 27894-1847                    Suite D
Wilson, NC 27894-1847                                                             706 S Thornton Ave
                                                                                  Dalton, GA 30720-8212


K. Edward Safir                          (p)WAKEFIELD & ASSOCIATES                Weatherford Hospital
Standing Chapter 13 Trustee              PO BOX 58                                713 E Anderson St
Suite 1600                               FORT MORGAN CO 80701-0058                Weatherford, TX  76086-5705
285 Peachtree Center Ave. NE
Atlanta, GA 30303-1229
```

World Finance Corp. c/o World Acceptance Cor
Attn: Bankruptcy Processing Center
PO Box 6429
Greenville, SC 29606-6429


                    The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                    by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Auto Simple                             (d)Buy Here Pay Here USA LLC              (d)Buy Here Pay Here USA, LLC
2701 E Walnut Ave                       201 Keith Street                          201 Keith Street, Box 35
Dalton, GA  30721-8787                  Box 35                                    Cleveland, TN 37311
                                        Cleveland, Tn 37311


Nationwide Recovery                     Pendrick Capital Partners II, LLC         (d)Pendrick Capital Partners, LLC
545 Inman St W                          Peritus Portfolio Services II, LLC        Peritus Portfolio Services II, LLC
Cleveland, TN  37311-1768               PO BOX 141419                             PO BOX 141419
                                        IRVING, TX  75014-1419                    IRVING, TX  75014-1419


Wakefield & Associates                  End of Label Matrix
PO Box 50250                            Mailable recipients    30
Knoxville, TN  37950                    Bypassed recipients     0
                                        Total                  30